UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FU SHIH LIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 1:18-cv-2158 |
| HST LESSEE KEYSTONE, LLC d/b/a | ) |
| SHERATON INDIANAPOLIS HOTEL AT | ) |
| KEYSTONE CROSSING, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, HST Lessee Keystone, LLC d/b/a Sheraton Indianapolis Hotel at Keystone Crossing (hereinafter "Defendant"), by counsel, hereby files this Notice of Removal to remove the above-entitled civil action from the Superior Court of Marion County, Indiana, to this Court based upon the following supporting grounds, appearing solely for the purpose of removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

1. Copies of all process and pleadings filed and/or received by Defendant and the docket sheet for the Marion County Superior Court action, as of July 16, 2018, are attached hereto and incorporated herein as Exhibit A.

2. HST Lessee Keystone, LLC is a defendant in a Complaint filed in the Marion County Superior Court, entitled *Fu Shih Lin v. HST Lessee Keystone LLC d/b/a Sheraton*

*Indianapolis Hotel at Keystone Crossing*, under Cause No. 49D13-1805-CT-018505 (a copy of which is attached hereto as Exhibit A, pp. 4-5).

3. Plaintiff, Fu Shih Lin (hereinafter "Plaintiff"), filed his Complaint on May 12, 2018. In his Complaint, Plaintiff alleges damages arising from an incident on May 15, 2016, in which he fell while on the premises of the Sheraton Indianapolis Hotel at Keystone Crossing, in Marion County, Indiana. Plaintiff generally alleges that he fell because Defendant "maintained its premises in an unreasonable and unsafe condition." In a subsequent discussion, Plaintiff's counsel further clarified that Plaintiff fell while in the bathtub of his hotel room.

4. A summons and copy of the Complaint were served on Defendant by certified mail on June 15, 2018. Thus, this notice of removal is being filed within thirty (30) days after Plaintiff's service of the initial pleading in this matter on Defendant and is therefore timely under 28 U.S.C. § 1446(b).

5. While Plaintiff's Complaint provides no information concerning his citizenship, Defendant's hotel records indicate that Plaintiff had an Illinois address at the time of the incident at issue, and a search of public records confirms that Plaintiff still lives in Illinois. Therefore, Plaintiff is a citizen of Illinois.

6. Defendant is a foreign limited liability company. Its sole member is Rockledge Hotel Properties, Inc. Rockledge Hotel Properties, Inc. was incorporated in Delaware and has its principal place of business in Maryland. Therefore, Defendant is a citizen of Delaware and Maryland.

7. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among parties is complete, *i.e.*, only if there is no plaintiff

and no defendant who are citizens of the same State." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).  Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332(a).

8. Plaintiff's Complaint provides no information regarding the value of his claims.  He alleges that he has incurred medical expenses, lost time, wages and other special expenses and physical and emotional pain and suffering and that he will incur future medical expenses, lost time, wages and other special expenses.  On June 25, 2018, Plaintiff's counsel further explained that Plaintiff sustained a fractured ulna, which necessitated surgical repair.  Therefore, Plaintiff's counsel confirmed that Plaintiff's claim for damages exceeds $75,000.

9. "[T]he proponent of [federal] jurisdiction . . . has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims.  In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.  Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (internal citations omitted).  Thus, based on the information available, the amount in controversy exceeds $75,000, exclusive of interests and costs required under 28 U.S.C. § 1332(a).

10. Accordingly, the requirements for complete diversity and amount in controversy are satisfied, and this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). This case is subject to removal in accordance with the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

11. Because the state court action was filed in Marion County, Indiana, the District Court for the Southern District of Indiana, Indianapolis Division, is the proper venue. *See* 28 U.S.C. §§ 1441(a) and 94(b)(1).

1. On July 16, 2018, a copy of the Notice of Filing of this Notice of Removal will be filed with the Marion County Superior Court via that court's electronic filing system, and will be served upon all counsel in this action. A copy of that Notice is attached hereto as Exhibit B.

WHEREFORE, the Defendant, HST Lessee Keystone, LLC d/b/a Sheraton Indianapolis Hotel at Keystone Crossing, by counsel, respectfully gives notice that this civil action is removed to this Court from the Marion County Superior Court.

Respectfully submitted,

*/s/ Katherine M. Haire*
Ronald A. Mingus (#31144-49)
Katherine M. Haire (#31330-49)
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: (317) 853-7371/(317) 352-5240
F: (317) 228-0943
rmingus@reminger.com
khaire@reminger.com
**Counsel for Defendant**

4

## **CERTIFICATE OF SERVICE**

I certify that on this day, July 16, 2018, the foregoing document was filed electronically using the Court's CM/ECF system, which sends electronic notification to all registered parties. I further certify that on the same day of filing, a copy of the foregoing document was sent by first class U.S. mail, postage pre-paid, to:

Michael W. Phelps
PHELPS LEGAL GROUP
899 S. College Mall Road
Unit #186
Bloomington, IN 47401
mike@mikephelpslaw.com

                                        */s/ Katherine M. Haire*
                                        Ronald A. Mingus (#31144-49)
                                        Katherine M. Haire (#31330-49)
                                        REMINGER CO., L.P.A.